245953 United States of America versus Rihanna Buddi. Arguments not to exceed 15 minutes per side. Mr. Kahn for appellant. Good morning. May it please the court. Conrad Kahn on behalf of Rihanna Buddi. I'd like to reserve three minutes for rebuttal. Very well. The main issue in this SORNA case is whether the Tier 2 Federal Comparator 18 U.S.C. 2422B requires knowledge of the language. It does. This court's precedent, the text and structure of the statute, the Supreme Court's Mens Rea cases, among other things, support that conclusion. Counsel, before you get into your argument, I just was interested. Your client has finished her term of imprisonment at this point? That's correct, Your Honor. She's currently serving her term. So you're arguing for vacation of that sentence? That's correct, Your Honor. So I believe under this court's precedent, even though she's begun her term of supervised release, if her guideline range was incorrectly calculated, then there's a possibility that on remand the court could take that into consideration in imposing a lesser term of supervised release. Okay, so it's relevant for the supervised release. Obviously, you wouldn't want your client to be spending more time in prison on remand if we were to remand. Correct. Okay, thank you. So I'd like to start with this court's precedent. This court has said repeatedly... Why wouldn't you start with the text? We could start with the text, Your Honor. I would start, I guess. Let's do it. So, let's start with the text. We're dealing here with a statute that has transitive verbs. Persuade, induce, coerce, entice. And the Supreme Court has told us, when we have an adverb like knowingly before transitive verbs, that the word knowingly takes on the object of the verbs, too. So to give a simple example, if I said, she knowingly gave the minor alcohol, or she knowingly gave alcohol to a minor, every speaker of the English language would understand that the person, that she, not only knew that the beverage was alcohol, but that she knew she was giving it to a minor. It's the same thing here. Knowingly persuade a minor to engage in sex. The ordinary English speaker would understand that not only are they knowingly persuading someone to engage in sex, but the person they're doing it to is a minor. The Supreme Court's subsequent elements canon, which was adopted in United States v. Flores-Figueroa, supports that. It's just the common sense canon that when you have knowingly in front of a statute, it applies to all the elements that come after. And notably, this isn't a convoluted statute. It's short, it's tightly constructed, it's pretty, pretty simple. There's no reason to stop knowingly halfway through the sentence. And that brings me to the second textual point I'd like to make, which is the structure of the statute. Everyone agrees that the statute requires that the defendant knowingly persuade someone to engage in sex. Well, the age requirement textually is nestled right into that. It comes after the persuasion and before the sexual activity. The government's interpretation is we'd ask the court to engage in textual hopscotch. And it's just not, there's no justifiable reason to do so. So the ordinary meaning and the structure of the statute support Ms. Buddy's interpretation. Can you explain the hopscotch? Sure. So if you look at the statute, it says knowingly, and I'm paraphrasing, knowingly persuade a minor to engage in unlawful sexual activity. So I think everyone would agree you have to knowingly persuade and that you have to know you're persuading someone to engage in sexual activity. The age requirement comes after the persuade, but before the sexual activity. So you'd have to agree that it would apply to the persuade and apply to the sexual activity, but it wouldn't apply to the age, which is right in the middle of those two things. Is it possible that Congress thought this was a serious enough offense that it was going to be sort of strict liability in a sense? If they're under 18, these are pretty serious charges. So you're liable for the offense, whether you know the age or not. So I think Congress was aware of the, this question could come up in a number of ways. I think it comes up often when we're talking about the presumption of mens rea. It also comes up when we're talking about the text, when we're talking about special contexts to ignore the ordinary meaning. I expect my co-counsel to talk about this court's opinion in Daniels, which discusses 2423A, which is transportation of a minor. And it looks grammatically similar to this statute. And there, the court said the most natural meaning would be to apply knowingly to age, but it militated against that because there was a special context present when it comes to transportation of children. That special context was that you come face to face with the victim. And in that situation, the Supreme Court has recognized a dividing line, an excitement video, that when the defendant comes face to face with the victim and has a reasonable opportunity to observe that victim, we're going to allow strict liability. That's what the common law allowed, and that's because the burden should be on the defendant. But this is a different context altogether, and there's no reason to militate away from the natural and ordinary reading of the statute. In this type of offense, a offender can oftentimes never come face to face with the victim. It's a digital offense, oftentimes. So there's no reason to militate away from that understanding. And Congress understands... Was it a digital offense when the statute was enacted? I believe it could have been. What year was it enacted, this current version? I don't know the exact year, but it requires the use of a means of interstate commerce. So I think what was contemplated was using interstate commerce in some way to persuade somebody, and that oftentimes isn't done, not face to face. So Congress is aware of this dividing line between in-person sex offenses and ones that aren't in person. You see it discuss an excitement video with possession of child pornography. You see Congress actually take that presumption into account when enacting 1591C, and they make an exception for reasonable observation of a victim. So when you asked Judge Radler, did Congress want to impose strict liability here? No, they didn't. In fact, they did the opposite. They used the word knowingly, which is a strong indication. Thanks for the question. Whether knowingly applies to the age. Well, oftentimes... I mean, I mean... No, I understand if that's the question, but, you know, the Supreme Court has made clear that the presumption of mens rea applies even when there's no mens rea term in the statute. And here we actually have a mens rea term in the statute, and presumably Congress is aware that when they put a mens rea term in the statute, that presumption is going to carry even more force. I would like to talk about... That's why I asked you to start with the text. Do you need the presumption to win? I don't. I don't. I think I win on... I think I win with the court's precedent alone. I think I win with the text alone. But I have lots of other things to talk about, too, that I think support why I should win. I have one other question. Not all the circuits are aligned in... The Fourth Circuit's gone the other way, right? I believe so. The Eleventh Circuit? Yes. So how do you distinguish those cases? Well, I think they were incorrectly decided. But the Ninth Circuit and the Seventh Circuit, and I would say this circuit already has an answer to this question. And I think where those courts went wrong is they looked at whether there was a special context, and they analogized 2423A to 2422B. But there's a critical difference. 2423A is about transportation of a child. That is when a defendant comes... Or at least what's contemplated is a defendant is coming face-to-face with a child and has a chance to observe in person. That's the line excitement video recognized. That's the line Congress recognized. That's the line that the common law... Here, that isn't present. And if I could talk about this court's precedent and then go to the Supreme Court's mens rea canons, I see I have only a little time left. This court has said repeatedly that 2422B requires knowledge of age. This court can rely on its precedent, its binding panel precedent. It said so 25 years... And we talk about this in our reply brief. It said so 25 years ago in a case called Bailey when resolving a First Amendment challenge to the statute. And it was able to deal with that First Amendment challenge and avoid sweeping in protected conduct or protected speech by saying that the statute requires knowledge of age. Then it has said in cases like Roman, Hart, Johnson, Wyatt, Harmon, that the element is knowledge of age. And then if you look at the courts of pattern criminal jury instructions, again you see in the pattern instructions, and we have this in our supplemental authority letter, that knowledge of age is required. And the commentary to the instruction discusses Hart and excitement video. So this court's precedent does a lot of the heavy lifting already. But if you want to survey the interpretive landscape, I think we still win. And that brings me to the mens rea canons. I don't think we need the mens rea canon. I think we win on the text and this court's precedent. But if you went to the mens rea canon, I think there's three reasons why the mens rea canon supports us. One, the mens rea canon is just the idea generally that all elements of an offense, with some limited exceptions, should have a mens rea. And the Supreme Court has said that's especially true when it comes to elements that separate otherwise innocent from morally blameworthy conduct. You see that in rehafe, you see that in Ruan, you see that in excitement video. The same is true here. This element often separates innocent from morally blameworthy conduct. You see that with the Florida offense here. In Florida, someone could think in good faith they're speaking to another adult, in good faith, and still be charged with the Florida offense at issue here. The only thing that separates that person being subject to a 10-year mandatory minimum in federal court is knowledge of age. And it's not just that It's what makes the conduct illegal, right? And the only thing that makes the conduct illegal. Correct. Correct, Your Honor. Is that the distinction between 2423A, jurisdictional hook, and what we're talking about here, whether there is an additional way under the statute that there might be illegal activity found? Perhaps. But I can't say that with 2422B, it is the age is what makes it criminal. Only the age. Only the age. That is another possible distinction. Yes, Your Honor. I agree. And it's not only that separates otherwise innocent from morally blameworthy conduct. There's two other reasons about the presumption of mens rea that I'd like to discuss. One is that this carries a harsh penalty. It's not a minor regulatory offense with minor penalties. It has a 10-year mandatory minimum and a maximum of life. With penalties like that, courts should be extremely cautious to impose strict liability when it could potentially sweep in otherwise innocent conduct. And the last point, and I made this earlier when talking about the text, the Supreme Court has been clear that this presumption applies when there is no mens rea term in the text. Here we have the term knowingly in the text. And the Supreme Court says when you have a mens rea term in the text, the presumption is even stronger. So you have the otherwise innocent conduct. You have the harsh penalties. You have the mens rea term. This is a strong case for the presumption of mens rea. Could you touch on the actual basis for why you're trying to get the reversal here, which would be the second issue, right? The supervised release. I mean, we wouldn't be going back for resentencing if you weren't going to get relief on that point, I wouldn't think. Right? There's no guarantee. So we have two other issues in our brief about supervised release. I mean, if we agree with you on this argument and we don't agree with you with the rest, you wouldn't want us to be sending it back for resentencing. Would there be any practical import of that? There would be, because if we went on this first issue, that means that her guideline range was too high. And that means on remand, the court could take that into consideration saying, you know what, I'm going to compensate for you spending perhaps too much time in prison by lowering your term of supervised release. That's why... It's not a mandatory five years at least? It is at least five years. She received 20 years. Okay. So there is room... That would be a hook to get the supervised release reduced, even if we reverse just on that. Correct. I see my time has expired. We respectfully ask to vacate the sentence. Thank you. Thank you. Good afternoon. May it please the court. My name is Luke McLaurin and I'm here on behalf of the United States. Ms. Budde's sentence should be affirmed for two reasons. First, the district court properly concluded that Florida lewd and lascivious battery is a tier two sex offense because it is comparable to the coercion and enticement offense in 18 year of supervised release was warranted in light of the legitimate sentencing purposes of protecting the public, providing adequate deterrence and ensuring Ms. Budde's rehabilitation. You argue that plain error review applies to this sort of classification issues, but didn't Budde clearly object to the tier two classification? She objected to the tier two classification. She never made the argument below that she's now making on appeal. Like the district court was never presented with this argument about the elements of 2422 B. Well, haven't we said in Barry that as long as a claim or issue was raised before the district court, a party may formulate any argument they like in support of that claim on appeal. The court has also said in many other cases that you can't make, focus your argument on a specific type of thing below and then come up on appeal and make a brand new argument that's completely different. So we would maintain, based on that case law which we cite in our brief, that plain error review should apply. And I think plain error review could make this case quite easy because given that there are at least two circuits that have explicitly held that 2422 B does not require knowledge of age, the district court can't have plainly erred by not sua sponte reaching the opposite conclusion because it wasn't even asked to reach that conclusion below. But regardless, we maintain no matter how you look at this, even if this court were to look at it on a de novo standard, his argument is simply wrong. It's wrong on the text. It's wrong when you look at the actual statute. And as Judge Raylor said, we should start with the text. Let's look at the text. What does the text say? It says, knowingly persuade, induce, entice, or coerce. Under normal grammar rules, knowingly, which is an adverb, applies just to the verbs. Now the Supreme Court has recognized that normal grammar rules don't necessarily tell us how we are going to interpret statutes like this, that there's ordinary usage as well that comes into effect how we understand this language. I might disagree with that analysis of what ordinary English would do. And doesn't Flores-Figueroa disagree with that also? No, not — what Flores-Figueroa emphasizes is that context matters. And I think Flores-Figueroa needs to be understood in a longer-term context of if you look at the Supreme Court's case is going back to Liperota, dealing with statutes that have this kind of construction. Liperota said, if you look at footnote 7 very clearly, these kinds of things are ambiguous because we have these situations all the time where you have knowingly and you have a bunch of other things, and it's often ambiguous how far knowingly travels. What helps us answer that question is context. Well, here's my concern. The persuade, induce, entice, and coerce are transitive verbs. I mean, your opposing counsel has argued that. That immediately follow a direct object. Any individual who has not attained the age of 18 years, how could a person knowingly then persuade or entice without knowing the object of her persuasion or enticement? You can knowingly persuade somebody to engage in sex without knowing that that person is under 18. I mean, that happens all the time. But the question is, what does this statute say? Well, the statute— The statute, if you're making the comparison, doesn't Flores-Figueroa speak to that? That in most contexts, an adverb like knowingly modifies the transitive verb and tells the listener how the subject performs the entire action, which is the entirety of the statute. But Flores-Figueroa says that it doesn't say that that applies in every context. And I think as a matter of actual grammar, knowingly does not apply to direct to objects. It applies to the verbs. And I think there was some dispute among the court, and I think what's very helpful is if you look at the examples that were discussed in Flores-Figueroa in the majority and the concurrence. You knowingly deposit money in your brother's bank account. That's a context where we assume that the knowingly applies to the fact that it was the brother's bank account. Because you wouldn't, in normal context, you wouldn't deposit money into somebody's account who you had no idea who the person was. But then we take another context that was an example offered by Justice Alito. A mugger knowingly assaults a person in the park who's from Brooklyn. Well, the fact that the person's from Brooklyn, in most contexts, we understand that in that context, that fact doesn't matter. So the context is really important. The context is important, but I'm concerned about the principles that the Supreme Court has already addressed from excitement to Figueroa. I thought that it was fairly clear in here that courts ordinarily from the Supreme Court read a phrase in a criminal statute that introduces the elements of the crime with the word knowingly as applying that word to each element. Brent? The court has said that that is a presumption, but the presumption can also be rebutted by context. And I think this court has already found that that presumption has been rebutted by context. The court considered Flores-Figueroa in construing a nearly identically worded statute, 2423A. And this court already went through and said, look, yeah, Flores-Figueroa says all those wonderful things, but it does not apply in this particular context because we have a specialized context here. A context that has a longstanding universal tradition of holding people who want to engage in sex acts with minors strictly liable and putting the burden on the person who is trying to engage in a sex act to make sure that they are dealing with an adult. That's a longstanding tradition that has been around since the common law. Well, but the statute, it's a longstanding tradition also to state that fact in the statute, right? And I don't see to state the fact that you just argued is the interpretation that we should make. They know how, Congress knows how to make a strict liability statute. And I don't see strict liability language in this statute. Where do you see it in this statute? I see it for the same reasons that this court saw it with regard to 2423A in Daniels. And I think it would be passing strange to interpret identical statutory language. They're not totally identical in the sense that 23A was an added penalty for conduct that was already criminal, I think, right? So there was a statute that criminalized the conduct and then if you're under 18, it's an additional penalty or additional offense or something along those lines. And that's not true here, right? Age is sort of the dividing line for this statute. I would disagree with that. This statute requires somebody to persuade somebody to engage in either prostitution, which is clearly illegal, or other activity for which a person can be charged with a crime. And so this statute already requires somebody to be seeking out. That all turns on state law, right? Yes, it does turn on state law. And in some instances. The other statute would be a federal offense and then additional. Yeah, and so it does turn on. This statute applies to people who are seeking out sexual activity that is already punishable. I didn't respond to the argument of your fellow counsel that 23A was directed towards crimes of people that were actually meeting in person, whereas the 22B could be, you know, where you're not necessarily seeing the person. Well, I think there's a very easy response is that that's simply not true because I can give you examples of cases where 2423A has been prosecuted where people have never actually encountered the victim. We have cases going on today where we have individuals who are arranging for Uber rides to bring a minor to their house so that they can have sex with the minor. They have never met that minor in person. They are arranging the transportation. They are transporting a minor for sex. I'm struggling a little bit with these specific examples. I think you can find some examples that would suggest that's the case. But I think here that this relies on United States Supreme Court precedent, and I'm struggling with why we don't begin with Ex Cite video, go to Flores, and wind up at Rahaf, and this is resolved by Rahaf's presumption in favor of scienter that presumes that a scienter requirement, I don't want to get it straight because it was citing video excitement, should apply to each of the statutory elements that criminalize otherwise innocent conduct. Rahaf postdates all of the cases that have created a circuit split. So why doesn't it resolve the issue here? It doesn't resolve the issue because if you look where that entire line comes from, that whole line of jurisprudence, it goes back to Morrissette. Morrissette recognized this otherwise innocent conduct presumption. And Morrissette specifically noted that there are contexts in which that presumption does not apply. And one of the classic examples of contexts in which it doesn't apply are sex crimes against children. Because if we were to apply that presumption everywhere, we could never have statutory rape. Statutory rape. Excitement isn't sort of counter to the point you just made? I thought excitement still required knowing conduct. Excitement video I don't think is counter here because excitement dealt with a different scenario. But I think I was responding to- It's still child sex offenses. They're both child sex offenses. It is. Well, it dealt with a context that's a little bit different than actual child sex offenses. It dealt with the child pornography context. I mean, you can transport- I mean, in our era now, you can transport child pornography unwittingly very easily, right? I mean, you could have something that has child pornography on it and not know. But these are crimes dealing with actually trying to have sex with children, which is, I think, a little bit different than simply transporting child pornography. If you don't know their children, that's the whole point, right? If you don't know their children, then there's nothing illegal. But we are dealing with a longstanding universal tradition that puts the burden on an individual who wants to seek out sex with somebody to determine that that person is an adult. If it's a strict liability statute, and the question here is, is this one of those statutes or does the textual analysis fit within and the other Supreme Court authority to show that it is, in fact, not? But the textual analysis- I think the Court, you're treating Flores-Figueroa as saying that this is a rule, a high-bound rule that you always have to interpret knowingly this way, and that's exactly not what Flores-Figueroa said. And this Court recognized as much in Daniels where it said, look- I mean, Daniels has, again, the identical grammatical structure, and yet the Flores-Figueroa presumption does not apply to the language in that way. And so I think if we're just going on- if you're saying, well, Flores-Figueroa dictates the outcome here, then it should have dictated the outcome in Daniels. And this- so I would say that- But what about for Rahaf? And why does Rahaf not step in and make clear the issue for this type of statute? Because I don't think Rahaif is- Rahaif is simply applying this presumption that we have that when you have something that separates otherwise innocent conduct, that you're going to apply a mens rea to that. But we don't- And isn't this statute the one thing that makes the conduct illegal is age? No, that is not true. The thing that makes the conduct- I mean, this person is also seeking out- they have to be seeking out sexual activity that is punishable by a criminal statute. So I think this is just a plain statutory reading. And even if it were, Judge Tranch, even if it were, this is the precise context in which that presumption that you apply a mens rea to something that separates otherwise innocent conduct does not apply. That is not a hidebound rule. And we know that because where does that come from? Like I said, it comes from Morissette. And Morissette says, look, this doesn't apply in some context. And the exact context it doesn't apply is people seeking out sex with children. Because, again, if that presumption were to apply to every single criminal statute in the world, we could never have statutory rape offenses. But that's not- the issue is not whether it applies to every statute in the world. The issue is what deference and understanding and action do we take in evaluating statutory language that falls in accordance with Supreme Court precedent. If there is a tendency to apply a rule, I would think that that tendency would be honored where the Supreme Court has addressed it. Not just said it is- this is a rule that you just can't apply everywhere. Agreed. You and I agree on that. The question is whether it applies here, growing out of the analyses that the Supreme Court has already made. I think if you're going to say that the Supreme Court precedent dictates reading this text to apply knowingly mens rea to the age of the victim, then you're going to have to say that this court got Daniels wrong. And I don't think this- Well, no, Daniels- the Sixth Circuit Daniels, not the Daniels in the circuits. The Sixth Circuit Daniels. The Sixth Circuit Daniels was about an increased penalty compared to a third provision. And then the question becomes, do we agree with you that this statute is an increased penalty issue, or do we think that it is a singular issue of age? I don't think that the Sixth Circuit- this court's prior opinion in Daniels turned on whether it was an increased penalty. I don't think that was the key thing as a textual matter. I think as a textual matter, the court was interpreting Flores-Figueroa and correctly said, contrary to what you're saying, Judge Strange, that Flores-Figueroa is not a high-bound rule. It simply creates a presumption of how you read language, a presumption based on what we expect Congress to intend. Other things that we look at to determine what we expect Congress intends in passing statutes are these longstanding traditional rules. And we look at, you know, where is Congress legislating? What is the particular arena they're legislating in? What would we expect them to do in this particular arena? And in this arena of child sex crimes, we expect them not to apply knowingly to the age of the victim. I understand that my time has elapsed. I'm certainly happy to answer any of the other court's questions, but otherwise I will rest on our braids. Thank you. My colleague talks about Daniels a lot. I certainly encourage the court to read it. Some of the things that you'll see in Daniels, the natural best textual reading is the one Ms. Budde is advocating for, the one that Judge Stranch correctly says it takes on the direct object, the word knowingly. The court in Daniels simply went away from that plain reading because a special context was present. What was that special context? It wasn't simply any child exploitation offense. That's way too broad. If that was the case, excitement video couldn't have come out the way it did. It was about transportation, and you see that in Daniels too. It was about the fact that someone was contemplated, and maybe it's not every transportation case, but what's contemplated is face-to-face interaction transporting a minor. That is not the case with 2422B. So a ruling in Ms. Budde's favor can live harmoniously with Daniels, and it would be consistent with this court's already existing precedent. So I just wanted to touch on Daniels in special context. I also want to touch on the tradition of strict liability, which is similar to the special context. Excitement video tells us what that is. There's a difference between in-person sex offenses, where we're going to place the burden on the defendant to ascertain age and make that strict liability, versus a digital offense, one that's committed with means of interstate commerce, where someone could ask somebody, what's your age? And the person on the other side could say, I'm an adult. And if they're not, under Florida law, that's still a chargeable offense. The only thing saving that person from a federal conviction is knowledge as to age, as to 2422B. The last thing I'd like to address is preservation. This was fully preserved below for several reasons. We argued below that 2422B required knowledge. We cited a case in the Florida courts called Grady, which said Florida did not require knowledge. The government responded to that objection, identifying the very circuit-splitted issue here, identifying the cases and the split. It was before the court. But even if you want to say we inartfully raised it, then what we're raising on appeal is just a narrower, more sharp version of what we raised below. And finally, as Judge Strantz pointed out, it's a cardinal rule of appellate procedure that once you properly raise a claim below, you can raise any argument in support of that claim. So I think we're fully preserved here. But even if plain error review applies, I think we satisfy plain error based on precedent, based on text. So I think the court doesn't have to resolve that issue to rule in our favor. And I'd like to just conclude with a quote from Justice Oliver Wendell Holmes. He said, even a dog knows the difference between being kicked and being tripped over. Knowledge, as to age, ensures no one stumbles into 2422B. The Florida statute doesn't require knowledge. It is way broader. Because it's overbroad, Ms. Budde's conviction should not have been a tier-two offense. Therefore, we respectfully ask the court to vacate our sentence and remand for resentencing. Thank you. Thank you.